UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOTAL SAFETY U.S., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  13-6109** |
| **GARY ROWLAND, ET AL.** | **SECTION: "B" (4)** |

### ORDER

Before the Court is Defendant, 24 Hour Safety, LLC's ("24 Hr") **Amended Motion to Quash Subpoena Duces Tecum** to company ABC and company XYZ.[1] *See* R. Doc. 168. The motion is opposed. *See* R. Doc. 170. It was heard by oral argument on April 30, 2014.

**I.      Background**

This case arises from Defendant Gary Rowland's ("Rowland") decision to leave his employment with Plaintiff, Total Safety ("Total Safety") for that of 24 Hour Safety in October of 2013. *See* R. Doc. 1, p. 1. Rowland resigned on October 6, 2013, and Total Safety initiated this suit four days later, asserting a single claim for breach of an employment agreement and seeking injunctive relief restraining Rowland from working for 24 Hour Safety in certain regards. *Id.* at 10-13.[2] On October 23, 2013, Total Safety filed an amended complaint adding 24 Hour Safety as

---

[1] Defendant, 24 Hr contends that due to the "highly sensitive nature of the information being sought by Plaintiff, including the names of the entities from which it is seeking confidential financial information, 24 Hr has redacted the names of the entities.

[2] A full factual background is included in the undersigned's Order and Reasons, dated April 29, 2014, at Rec. Doc. No. 174.

a defendant and asserted claims for (i) Breach of Employment Agreement, (ii) Misappropriation of Confidential Information and Trade Secrets, (iii) Unfair Trade Practices, (iv) Conversion, (v) Breach of Fiduciary Duty, (vi) Conspiracy, (vii) Violation of the Computer Fraud and Abuse Act, and (viii) Violation of the Federal Stored Communications Act. *Id.* The Amended Complaint was also accompanied by a Motion for renewed and expanded injunctive relief restricting Rowland from competing in any way with Total Safety. *See* R. Doc. 19.

As to the instant motion, the Defendant, 24 Hr contends that in response to a forensic examination of the extent which Rowland "possessed confidential records" of Total Safety, and an examination of whether 24 Hr possessed any of Total Safety's confidential information obtained from Rowland, several cell phones, computers and external flash and hard drives were imaged. *See* R. Doc. 158-1, p. 1-2. In reviewing the production of approximately 30 GB worth of data, 24 Hr contends that there was no evidence that it obtained any confidential information from Rowland. *Id.* at 2. Therefore, 24 Hr contends that despite having not received any information that it obtained confidential information from Total Safety, Total Safety has issued subpoenas duces tecum to company ABC and company XYZ seeking confidential financial of 24Hr Safety. *Id.* at 2. As such, 24 Hr contends that the information which Total Safety seeks from these companies are irrelevant and immaterial to the instant action, and are only for the purpose of embarrassment and or to cause disruption to 24 Hr's relationship with ABC and XYZ. *Id.* at 3.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial

2

if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c)(1). Rule 26(c), however, contains a requirement that good cause be shown to

support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*,No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

### III. Analysis

24 Hr argues that this Court should quash the subpoenas issued by Total Safety to ABC and XYZ companies because the purpose of these subpoenas are to annoy, harass, embarrass and oppress 24 Hr, and obtain highly confidential records regarding its financial valuation, estimation and projections, which are irrelevant and immaterial to this action. *See* R. Doc. 158, p. 2; 158-1, p. 3-4; citing *Global Oil Tools, Inc. v. Barnhill*, 2012 WL 6003745 (E.D. La. 2012) (quashing subpoenas duces tecum as overly broad); *Southern United States Trade Ass'n v. Guddh*, 2012 WL 5199706, at *4–*5 (E.D. La. Oct. 19, 2012) (striking subpoena for, inter alia, phone records as overbroad where subpoena requested records from January 1, 2008, and allegations in suit dated to April 28, 2010, because "there was no that the subpoenas directed towards Guddh were tailored to Plaintiffs' claims in the instant suit.").

In opposition, Total Safety contends that this Court does not have jurisdiction to hear the motion to quash because it contends that Fed. R. Civ. P. 45 requires that in an effort to protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements of Rule 45(d) and (e), which require that motions regarding these subpoenas

be made in the court in which compliance is required under Rule 45. *See* R. Doc. 170, p. 4, citing *Semex Alliance v. Elite Dairy Genomics, Inc.,* No. 14-0087, 2014 WL 1576917 at *1-2 (S.D. Ohio Apr. 18, 2014) ("[T]he U.S. District Court for the Northern District of Illinois is the 'court for the district where compliance is required,' not the U.S. District Court for the Southern District of Ohio. Rule 45(f) describes the circumstances under which this Court would be able to provide the order Mr. Butler seeks . . . Because such a transfer has not occurred, this Court lacks the power to issue the order sought by Mr. Butler. He must seek an order to quash in the court for the district where compliance is required, or seek transfer to this Court under Rule 45(f).").[3]

Furthermore, counsel for Total Safety contends that even if this Court were the proper court to hear 24 Hr's motion, 24 Hr has failed to meet its burden for quashing subpoenas under Rule 26(c) and thus should be denied, because no particular necessity has been shown substantiated the need for a protective order quashing the subpoena. *See* R. Doc. 170, p. 5, citing *Kansas Southern Ry. Co. v. Nichols Const. Corp.,* No. 05-1182, 2008 WL 199875, at *2 (E.D. La. Jan. 22. 2008).

During oral argument, counsel for 24 Hr argued that Rule 45 (d)(3) was amended in 2013 to read that "[O]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). The rule further states to "protect a person subject to or affected by a subpoena, the **court for the district where compliance is required** may, on motion, quash or modify the

---

[3]The Court explains that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made." *See supra,* 2014 WL 1576917 at *1-2.

subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." *Id.* at 45(d)(3)(B)(I).

In considering the parties arguments, the Court analyzed Rule 45(c)(2)(A) which provided that "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person;" in conjunction with Rule 45 (a)(2), which provides that "a subpoena **must issue** from the court where the action is pending" and Rule 45(d)(3)(A), which states "[o]n timely motion, the court for the district **where compliance is required** must quash or modify a subpoena . . .". *See* Fed. R. Civ. P. 45(a)(2) & 45(d)(3)(A)(emphasis added).

However, after considering the arguments of the parties, the Court, rather than ruling on the procedural issues presented as to who and where the production may occur, which appeared to present a circular argument, heard the parties substantive arguments. 24 Hr argued that the topical areas which Total Safety sought to examine in the subpoenas duces tecum issued to ABC and XYZ companies. 24 Hr contended that the financial valuations that an outside private equity company made as to 24 Hr is irrelevant to the instant action and therefore should not be discoverable.

In response, Total Safety attempted to point to several pieces of evidence produced from September 2013 which raised concerns that Rowland may have shared some of Total Safety's confidential information to 24 Hr sometime during the months when the meetings with the private equity companies occurred. As such, counsel for Total Safety argued that if any of this information was used to valuate 24 Hr to the equity companies, then it should be produced in the instant action.

Counsel for 24 Hr then argued that all of the communications between the private equity companies and 24 Hr have been produced already in response to production requests of Total Safety.

6

Therefore, 24 Hr represented that the only documents which have not been produced are the private equity companies documents and valuations of 24 Hr, which are not relevant to this action.

After considering the substantive arguments of the parties, the Court decided to conduct an *in camera* review of the documents, so as to properly determine whether or not the documents are relevant to the instant action. Accordingly,

**IT IS ORDERED** that Defendant, 24 Hour Safety, LLC's **Amended Motion to Quash Subpoena Duces Tecum (R. Doc. 168)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant 24 Hour Safety produce the documents to the Court for an *in camera* review no later than **Friday, May 9, 2014.**

New Orleans, Louisiana, this 1st day of May 2014

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**