MINUTE ENTRY
ROBY, M. J.
September 10, 2014

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOTAL SAFETY U.S., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6109** |
| **GARY ROWLAND ET AL.** | **SECTION: "B" (4)** |

### JUDGE KAREN WELLS ROBY, PRESIDING

LAW CLERK: Brittany Nash
COURT REPORTER/RECORDER: Vic DiGiorgio

Appearances: **Joe Lavigne** and **Josh Woods** for the Plaintiff Total Safety.
**Eric Miller** for the Defendant 24 Hour Safety and **Thomas McGoey** for the Defendant Gary Rowland.

### ORDER

Before the Court is Defendant, Gary Rowland's ("Rowland") **Motion to Quash Notice of Video Deposition of Kim Martinez and Related Subpoena (R. Doc. 248)**, seeking to quash the subpoena issued by Plaintiff, Total Safety U.S., Inc. ("Total Safety") to depose former owner of 24

**MJSTAR 00:16**

Hour Safety, Kim Martinez. The motion is opposed. *See* R. Doc. 264. Defendant 24 Hour Safety, LLC ("24 HR Safety") filed a motion in support of Rowland's motion (R. Doc. 273) and Rowland filed a reply (R. Doc. 266). The motion was heard for oral argument on Wednesday, September 10, 2014.

This case arises from Rowland's decision to leave his employment with Total Safety for that of 24 HR Safety in October of 2013. *See* R. Doc. 1, p. 1. Rowland resigned on October 6, 2013, and Total Safety initiated this suit four days later, asserting a single claim for breach of an employment agreement and seeking injunctive relief restraining Rowland from working for 24 HR Safety in certain regards. *Id.* at 10-13.

On October 23, 2013, Total Safety filed an amended complaint adding 24 HR Safety as a defendant and asserted claims for (i) Breach of Employment Agreement, (ii) Misappropriation of Confidential Information and Trade Secrets, (iii) Unfair Trade Practices, (iv) Conversion, (v) Breach of Fiduciary Duty, (vi) Conspiracy, (vii) Violation of the Computer Fraud and Abuse Act, and (viii) Violation of the Federal Stored Communications Act. *Id.* The Amended Complaint was also accompanied by a motion for renewed and expanded injunctive relief restricting Rowland from competing in any way with Total Safety. *See* R. Doc. 19. On February 26, 2014, Total Safety filed a second amended complaint adding claims for specific performance as to 24 HR Safety and grounds for breach as to Rowland.

As to the instant motion, Rowland seeks to quash Total Safety's Notice of Video Deposition and Subpoena to depose Kim Martinez, a former owner of 24 HR Safety. *See* R. Doc. 248-1, p. 1. Rowland contends that Martinez's testimony is not relevant to any claims or defenses in this action because she left 24 HR Safety in 2009 and has not been affiliated with the company since. *Id.*

2

Rowland argues that Martinez has no relationship with him because he began work with 24 HR Safety in October 2013. *Id*. Thus, Rowland contends that she has no information pertaining to his resignation from Total Safety, his employment with 24 HR Safety, or whether he gave Total Safety information to 24 HR Safety. *Id*. Additionally, Rowland argues that Total Safety's unilateral selection of the date and time for the deposition was improper. *Id*. at 2.

Total Safety opposes Rowland's Motion to Quash and argues that Rowland has not carried the heavy burden for quashing a subpoena of a witness whose testimony will be used at trial. *See* R. Doc. 264, p. 4. Total Safety contends that the deposition of Martinez is relevant because she would be a fact witness and will provide discovery for impeachment to be used against current 24 HR Safety owners, Amy Hains and Todd Dartez. *See id.*

Total Safety contends that 24 HR Safety made Martinez a fact witness when it blamed her in its response to Interrogatory No. 6.[1] *Id.* at 5. Total Safety asserts that 24 HR Safety claimed that Martinez made the document referenced in Interrogatory No. 6, and thus made her a fact witness. *See id.* Total Safety contends that it should be allowed to ask Martinez about 24 HR Safety's allegations against her and to confirm what her involvement was in misappropriating Total Safety's trade secrets. *Id.* at 6.

Furthermore, Total Safety argues that it should be allowed to obtain discovery for impeachment to be used against Hains and Dartez. *Id.* Total Safety contends that Hains and Dartez have persistently denied that they and/or 24 HR Safety have ever used, wanted, needed, or were interested in Total Safety's trade secrets. *Id.* Total Safety argues that Martinez's testimony would

---

[1]Interrogatory No. 6 sought an explanation from 24 HR Safety on how it obtained the information contained in document 24Hr-075017 and to identify who developed the formula for 24 HR Safety's pricing and rates. *See* R. Doc. 264, p. 5.

3

provide invaluable insight to whether Hains and Dartez's testimony is credible. *Id.* at 7. Additionally, Total Safety contends that she is uniquely qualified, as a disinterested individual, to provide competent testimony about the operations of 24 HR Safety. *Id.*

In support of Rowland's Motion to Quash, 24 HR Safety contends that contrary to Total Safety's claim, it never listed Martinez as a witness and it has not accused her of misappropriating Total Safety's trade secrets. *See* R. Doc. 273-2, p. 2. Further, 24 HR Safety asserts that on September 8, 2014 it produced a supplemental discovery response to Total Safety for Interrogatory No. 6. *See* R. Doc. 273-6. In the supplemental response, 24 HR Safety states that the document referenced in Interrogatory No. 6 was misidentified as being created by Kim Martinez due to the title of the document, which was Shell Martinez. *See id*. 24 HR Safety asserts that after further review, it determined that the document was created by Tony Aube, who used information provided to him by Michael Courtz of Supplies and Solutions, a competitor of both 24 HR Safety and Total Safety. *Id*.

Rule 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). While it is true that relevance in discovery is broader than that required for admissibility at trial, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Thus, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc.*, 1998 WL 9181, *3 (N.D.Ill.1998) (quoting *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 223 (N.D.Ill.1997)).

Further, the discovery sought must be "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Courts have recognized that although Rule 26(b) is broad, it "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 367 (N.D. Tex. 2013) (quoting *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010)).

As for the discovery of impeachment materials, Rule 26(b) does not "preclude impeachment materials from being subject to a discovery request." *Bradley v. Liberty Mut. Grp., Inc.*, No. 13-100-SDD-RL, 2013 WL 3864316 (M.D. La. July 24, 2013) (citing Wright, Miller, Kane, Marcus, & Steinman, *Federal Practice and Procedure* § 2015 (3d ed. 1998)). And "the fact that the party responding to discovery intends to use the material only for impeachment does not take it out of the realm of discoverable material if it is otherwise relevant." *Mason v. T.K. Stanley, Inc.*, 229 F.R.D. 533, 535 (S.D. Miss. 2005) (citing Wright, Miller & Marcus, *Federal Practice and Procedure* § 2015, Supp. at 49 (2d ed. 1997 & Supp. 2005).

Based on Total Safety's arguments, it is apparent that its desire to depose Martinez is two-fold: (1) to discover her role in the misappropriation of Total Safety information; and (2) to use her testimony to impeach the testimonies of Hains and Dartez. Under Rule 26(b)(1), these rationales will only be permissible if they are relevant to this action. Here, discovery is limited to January 2012 and any discovery outside of this time frame is irrelevant. Since Martinez left 24 HR Safety around 2009[2], any testimony she provides would be based on her experiences, which occurred outside the discovery time frame. Therefore, Martinez's testimony about her role in the misappropriation of Total Safety information is not temporally connected.

---

[2]Total Safety contends that Martinez possibly left in 2010, *see* R. Doc. 264, p. 2, but Rowland contends that she left in 2009. Therefore, exact date of her departure has not been established.

Furthermore, the deposition of Martinez has the potential of turning into a fishing expedition. Martinez was a former employee of Total Safety and a founder of 24 HR Safety. *See* R. Doc. 264, p. 1. Total Safety contends that it wants to question Martinez about her involvement in the misappropriation of Total Safety's trade secrets during the inception of 24 HR Safety. *See id.* at 6. During oral argument, counsel for Total Safety contended that Hains made a checklist when forming 24 HR Safety, which included the misappropriation of Total Safety information. The checklist included tasks for Hains, Dartez, and Martinez. The nature of the tasks for Martinez did not include the misappropriation of Total Safety information and the tasks were significantly less than the tasks for Hains and Dartez. The tasks assigned to Martinez included setting up the company and its banking accounts. Thus, Total Safety has no basis for deposing Martinez about the misappropriation of Total Safety information.

As to seeking discovery for impeachment, the Rules permit Total Safety to seek discovery for impeachment if it is relevant to this action, but it is not. As previously stated, Martinez's experiences are not temporally connected to the claims and defenses in this action. Martinez's testimony regarding Hains and Dartez would be based on her knowledge of them in 2009 and earlier. Further, the evidence cited by Total Safety asserts that Martinez's role in setting up 24 HR Safety was minor and dealt with its structure and setting up its financial structure and accounts. Thus, allowing Martinez to impeach Hains and Dartez with her testimony would be unduly prejudicial. Additionally, Total Safety already has enough documents to use for the impeachment of Hains and Dartez, so it will not be disadvantaged at trial. *See* R. Doc. 264, p. 4.

Accordingly,

**IT IS ORDER** that Defendant, Gary Rowland's **Motion to Quash Notice of Video Deposition of Kim Martinez and Related Subpoena (R. Doc. 248)** is **GRANTED.**

New Orleans, Louisiana, this 17th day of September 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**