UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOTAL SAFETY U.S., INC. | CIVIL ACTION |
| VERSUS | NO: 13-6109 |
| GARY ROWLAND, ET AL. | SECTION: "B" (4) |

**ORDER**

Before the Court is Plaintiff, Total Safety U.S., Inc.'s **Motion for Leave to File Third Amended Complaint for Damages and Injunctive Relief (R. Doc. 221)**. Total Safety seeks leave of court to amend its Second Amended Complaint and add Amy Hains, one of the owners of 24 Hour Safety, LLC ("24 HR Safety"), as an additional defendant in this action. The motion is opposed by Defendant Gary Rowland (R. Doc. 236) and Defendant 24 HR Safety (R. Docs. 238). Total Safety filed a reply (R. Doc. 242) to the opposition and Defendant Rowland filed a sur-reply (R. Doc. 250). The Motion was heard by oral argument on Wednesday, August 20, 2014.

**I.  Background**

This case arises from Defendant Gary Rowland's ("Rowland") decision to leave his employment with Plaintiff, Total Safety U.S., Inc. ("Total Safety") for that of 24 HR Safety in October of 2013. *See* R. Doc. 1, p. 1. Rowland resigned on October 6, 2013, and Total Safety initiated this suit four days later. In the complaint, Total Safety asserted a single claim for breach of an employment agreement and sought injunctive relief to restrain Rowland from working for 24 HR Safety in certain regards. *Id.* at 10-13.

On October 23, 2013, Total Safety filed an amended complaint adding 24 HR Safety as a defendant and to assert claims for (i) Breach of Employment Agreement, (ii) Misappropriation of Confidential Information and Trade Secrets, (iii) Unfair Trade Practices, (iv) Conversion, (v) Breach of Fiduciary Duty, (vi) Conspiracy, (vii) Violation of the Computer Fraud and Abuse Act, and (viii) Violation of the Federal Stored Communications Act. *Id.* The Amended Complaint was also accompanied by a motion for renewed and expanded injunctive relief, restricting Rowland from competing in any way with Total Safety. *See* R. Doc. 19. On February 26, 2014, Total Safety filed its Second Amended Complaint adding claims for specific performance as to 24 HR Safety and grounds for breach as to Rowland.

As to the instant motion, on July 25, 2014 Total Safety filed the subject motion seeking to add Amy Harris, one of the owners of 24 HR Safety, as a defendant to this action. Amy Hains formerly worked as a comptroller for Total Safety and was subject to an employment contract that prohibited her from divulging, or using Total Safety trade secrets. *See* R. Doc. 221-2. Total Safety alleges that before resigning from the company in June 2005, Amy Hains took its trade secrets and confidential information and used it to form 24 HR Safety with her boyfriend Todd Dartez. *Id.* In February 2010, a few years after forming 24 HR Safety, Hains allegedly received an email from former Total Safety employee Roger Strickland. The email contained Total Safety's business plan, pricing worksheet, budget, sales quotes and client data. *Id.* at 11. Two years later, Dartez allegedly forwarded Total Safety's customer revenue list to Hains, which he received from an unknown source.

Based on these occurrences, Total Safety alleges claims of (i) Breach of Employment Contract, (ii) Misappropriation of Confidential Information and Trade Secrets, (iii) Unfair Trade

2

Practices, (iv) Conversion, (v) Breach of Fiduciary Duty, and (vi) Conspiracy. *See* R. Doc. 221-2.

According to the Scheduling Order (R. Doc. 135), the deadline to amend pleadings was on March 27, 2014. The subject motion was filed on July 25, 2014, four months after the deadline. Total Safety contends that these new allegations against Hains are based on newly discovered evidence revealed during the course of discovery and after the amendment deadline. Thus, Total Safety contends that it could not have brought the new claims sooner. *See* R. Doc. 221. Total Safety also claims that the Defendants have not cooperated in the discovery process and that the evidence supporting the new claims was not produced until June 25, 2014. *Id.*

In opposition, Defendant Rowland asserts that the amendment seeks to add an entirely different set of claims against a new defendant. *See* R. Doc. 236. Rowland contends that the amendment is based on events that occurred over nine years ago, as well as Hains' employment contract, both of which do not involve Rowland's departure from Total Safety in October 2013. *Id.* Rowland argues that the amendment is prejudicial and futile under Federal Rule of Civil Procedure 15(a). *Id.* Rowland argues that the amendment will expand the scope of the action and confuse the jury. *Id.* Rowland also contends that the amendment is not a permissible joinder under Federal Rule of Civil Procedure 20. *Id.*

Defendant 24 HR Safety opposes the motion because it seeks to add additional claims against Hains and 24 HR Safety based on events that occurred in 2005, 2010, and 2012. *See* R. Doc. 238. 24 HR Safety contends that these new claims are unrelated and wholly distinct actions from those engaged by Rowland in October 2013. *Id.* Additionally, 24 HR argues that the amendment is futile because venue is not proper for Hains or the claims against her. *Id.*

Based on the arguments presented by the parties, the Court will now consider whether leave

of court is appropriate for the proposed Third Amended Complaint.

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal and lenient amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "[t]his policy is certainly strongest where the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

Leave to amend is not automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Nevertheless, "[e]ven if substantial reason to deny leave exists, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave." *Jamieson By & Through Jamieson v. Shaw*,

772 F.2d 1205, 1208 (5th Cir. 1985)

Although Rule 15(a) governs the amendments of pleadings, the Fifth Circuit has established that Rule 16(b) "governs the amendment of pleadings after a scheduling order deadline has expired." *S & W Enterprises, L.L.C. v. S. Trust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003). Rule 16 provides that a scheduling order may only be modified for good cause shown and with the Judge's consent. *See* Fed. R. Civ. P. 16(b)(4). Therefore, only after the movant has satisfied the good cause requirement of Rule 16(b) will the more liberal standard of 15(a) apply. *S&W Enterprises,* 315 F.3d at 536.

In determining whether a party has provided good cause under Rule 16(b) to amend a pleading after the scheduling order deadline, courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enterprises.,* 315 F.3d at 535). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enterprises., LLC*, at 535 (internal quotations and citations omitted).

### III. Analysis

#### A. Rule 16(b)

On July 25, 2014 Total Safety filed the instant motion for leave to amend, which was four

months after the March 27, 2014 amendment deadline. *See* R. Doc. 135. Therefore, the Court must apply Rule 16(b) to determine whether Total Safety has good cause for filing the motion after the Scheduling Order deadline. The Court may consider: (1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice. *See Huey* No. 07-1169, 2008 WL 2633767, at *1.

Total Safety contends that the untimeliness of the instant motion is attributed to information learned during discovery and after the Scheduling Order deadline. Between May 14, 2014 and June 21, 2014, Total Safety argues that it found fragmented files produced by 24 HR Safety that appeared to contain confidential information belonging to Total Safety. *See* R. Doc. 221. Total Safety argues that it found information supporting its claim that 24 HR Safety and Hains misappropriated trade secrets in 2005, 2010, and 2012. *See id.* at 9-14. This includes Total Safety's customer database, 2005 budget and revenue forecast, 2005 capital expenditures, business plan, pricing worksheet, budget, sales quotes and 2011 Louisiana customer/revenue list. *See id.*

Courts in the Fifth Circuit have held that information learned during discovery is good cause to amend under Rule 16. *See e.g. Mobius Risk Grp., LLC v. Global Clean Energy Holdings, Inc.*, No. H-10-1708, 2011 WL 2193294 (S.D. Tex. June 6, 2011) (granting leave to amend to add the CEO as a new defendant after his deposition); *Udoewa v. Plus4 Credit Union,* No. H–08–3054, 2010 WL 1169963, at *2–3 (S.D.Tex. Mar.23, 2010) (granting leave to amend to add claim based on deposition testimony); *STMicroelectronics, Inc. v. Motorola, Inc.,* 307 F. Supp. 2d 845, 853 (E.D.Tex.2004) (granting leave to amend after discovery uncovered additional products that might have been infringed).

Here, Total Safety has good cause to amend its complaint. Total Safety claims it did not discover Hains' alleged involvement in the conspiracy until May and June 2014, when the forensics from Hains' laptop and email accounts were produced. *See* R. Doc. 221-1. There is nothing in the record to suggest that Total Safety knew or could have known about the files produced from Hains' laptop and email accounts. Therefore, this Court finds good cause for Total Safety's delay in filing the motion to amend the complaint.

### B.     Rule 15(a)

Having determined Total Safety has good cause under Rule 16(b), this Court shall address the merits of the motion under Rule 15(a). To determine whether to grant leave to amend, the Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory*, 634 F.2d at 203.

The Court shall now consider each of these four factors in the Rule 15(a) analysis in light of the parties arguments.

#### 1.     Undue Delay, Bad Faith, or Dilatory Motive

The first factor in the Rule 15(a) analysis is whether the amendment will cause an undue delay, is in bad faith, or whether the movant has some dilatory motive in filing the motion.

Total Safety argues that the delay in filing the proposed Third Amended Complaint is due to the intentional conduct of 24 HR Safety, Hains, and Rowland. *See* R. Doc. 240-1. Total Safety contends that the Defendants and Hains have intentionally concealed key facts that are the subject of the proposed amendment. *Id.* at 2. Total Safety contends that production of these key facts would

7

have allowed it to bring the proposed claims shortly after it initiated this action on October 10, 2013. *Id.*

Defendant Rowland argues that he did not engage in bad faith or dilatory tactics to conceal the production of evidence that is the subject of the proposed Third Amended Complaint. *See* R. Doc. 243-2, p. 2. Rowland contends that Total Safety has no basis for claiming that Rowland knew about the alleged misappropriation by Hains or 24 HR Safety in 2005, 2010, and 2012. *Id.* Rowland argues that it has produced all of the non-privileged documents that Total Safety's forensic expert collected from his devices and email accounts in November 2013. *Id.*

According to the Fifth Circuit, "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding that the motion to amend should not be denied due to a four month delay between the pro se attorneys being assigned to the case and the filing of the second amended complaint).

Total Safety filed the instant motion seeking leave to amend four months after the amendment deadline in the Scheduling Order. It is not disputed that Total Safety discovered Hains' involvement in the alleged conspiracy a few months after the amendment deadline. Hence, this Court finds that the first factor is satisfied.

### 2. Failure to Cure Deficiencies by Amendments Previously Allowed

The second factor is whether the party has previously filed repeated amendments before filing the instant motion. The parties do not dispute that Total Safety's complaint is not an attempt to cure deficiencies.

Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607-08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint)*; Fuller v. Harrah's Entm't, Inc.*, No. 04-2108, 2004 WL 2452771 (E.D. La. Oct. 29, 2004) (denying request to amend complaint after the Court already provided an opportunity to amend the same issue).

Total Safety is now seeking its third amended complaint. Although this weighs against the second factor in the Rule 15(a) analysis, Total Safety is not deemed to have failed to cure this defect in the prior two amendments because its earlier amendments predate the discovery of the content found on Hains' laptop and email accounts in May and June of 2014. Total Safety's First Amended Complaint was filed on October 23, 2013 and the Second Amended Complaint was filed on February 26, 2014. Therefore, Total Safety did not fail to cure this defect in the prior two amendments and the second factor in the analysis is satisfied.

### 3. <u>Undue Prejudice to the Opposing Party</u>

The third factor is whether the amendment will cause an undue prejudice to the opposing party.

Defendant Rowland claims the proposed amendment would cause extreme prejudice because it would expand the scope of the action and delay the disposition of the original complaint against Rowland. *See* R. Doc. 236. Rowland contends that the amendment would fundamentally alter the nature of the case by adding a new defendant and alleging a new conspiracy claim that did not involve Rowland. *Id.* at 6. In addition to expanding the scope this action, Rowland contends that the amendment would confuse the jury. *Id.* at 8. Rowland argues that Total Safety plans to tell the jury

9

that Hains' actions in 2005 somehow prove that a conspiracy existed between Rowland and 24 HR Safety in 2013. *Id.*

Total Safety argues that Rowland and 24 HR Safety should be precluded from arguing prejudice because they caused the delay by concealing evidence. *See* R. Doc. 240-1, p. 6. Additionally, Total Safety contends that Rowland will not be prejudiced by confusion of the jury because the conspiracy theory is straight forward. *Id.* at 7-8. Total Safety argues that 24 HR Safety remains the hub of this conspiracy, Hains is the initial co-conspirator, and Rowland is the most recent co-conspirator. *Id.* Further, Total Safety claims that Rowland will not be prejudiced because he has already admitted on the stand that he stole trade secrets, breached his employment contract, and breached his fiduciary duty. *Id.*

The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Hebert v. Specialized Environmental Resources, LLC*, Nos. 12–0071, 12–1798, 2013 WL 1288219, at *4 (E.D. La. Mar. 23, 2013); *see also In re American International Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in the bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid). Furthermore, while granting leave to amend may be proper to add alternative legal theories on the same underlying facts, it may not be proper to add new causes of action and new defendants. *See Mayeaux*, 376 F.3d at 427–28 (finding that the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[t] the case anew.").

Here, Total Safety seeks to add a new defendant and new causes of action. The new causes

of action allege a different conspiracy, between different parties. Total Safety's current complaint alleges a conspiracy between 24 HR Safety and Rowland that occurred around his departure from Total Safety on October 6, 2013. Additionally, the current complaint asserts a breach of contract claim by Rowland for working in the same industry and territory despite his non-compete agreement with Total Safety.

In contrast, the proposed Third Amended Complaint alleges a new conspiracy between Hains and 24 HR Safety, dating as far back as 2005. These claims are not temporally or factually connected given that Rowland did not leave until 2013, when he allegedly breached the non-compete agreement. Further, there is no factual information developed between 2005 and 2013 suggesting that Rowland gave Total Safety information to 24 HR Safety before his departure from Total Safety. Based on these facts, the Court finds that Total Safety does not satisfy the third factor.

### 4. **Futility of the Amendment**

The fourth factor in the analysis is whether the amendment, and or potential new claims are futile. The Defendants claim the amendment is futile because it seeks impermissible joinder and venue is not proper.

#### a. **Joinder**

Rowland contends that the amendment is futile because it is not a permissible joinder under Federal Rule of Civil Procedure 20. *See* R. Doc. 236, p. 10. Rowland argues that the claims against Rowland and the claims against Hains are based on different contracts, different alleged trade secrets, and a different set of events. *Id.* at 11. Therefore, Rowland argues that the claims against Hains do not arise out of the same transaction or occurrence as the claims against Rowland. *Id.*

Total Safety argues that the amendment is not futile under Rule 20 because the claims against

Hains fall under the same conspiracy alleged against 24 HR Safety and Rowland. *See* R. Doc. 240-1, p. 9. Total Safety argues that "[t]he 'same transaction' requirement means that there must be some allegation that the joined defendants 'conspired or acted jointly.'" *Id.* at 10 (quoting *Arista Records LLC v. Doe*, 589 F. Supp. 2d 151, 154 (D. Conn.2008). Total Safety argues that 24 HR Safety is the hub of the conspiracy and that it conspired with Hains and Rowland to further the conspiracy to misappropriate Total Safety's trade secrets. *Id.* Additionally, Total Safety asserts that Hains herself recruited Rowland and conspired with him to misappropriate trade secrets. *Id.*

Rule 20 governs the joinder of defendants and allows joinder only if (1) the claims arise out of the same transaction, occurrence, or series of occurrences, and (2) there is at least one common question of law or fact linking all of the claims. In assessing "same transaction," courts have concluded that "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *In re Silica Prods. Liab. Litig.*,398 F. Supp. 2d 563, 650 (S.D. Tex.2005). Additionally, courts are "inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." Thus, Rule 20 also takes in to account judicial economy when analyzing whether joinder is proper.

The "same transaction" element under Rule 20 is the only element in dispute. Here, the breach claims against Hains are from different contracts and a different fiduciary relationship. Although they are similar to the claims against Rowland, they do not arise out of the same transaction or occurrence. Total Safety has personal actions against Hains and Rowland for distinctively separate contractual and fiduciary relationships.

As to the conspiracy claim, this Court finds that the allegations against Hains and Rowland do not fall under the same transaction or occurrence. The conspiracy alleged between Hains and 24 HR Safety occurred in 2005, 2010, and 2012, while the conspiracy alleged between Rowland and 24 HR Safety occurred in 2013. These are separate conspiracy claims with separate operative facts. Here, there is not a concern that there would be overlapping proof and duplication of testimony in a separate action because the conspiracy claims are not temporally connected.

### b. Venue

24 HR Safety argues that the amendment is futile because Total Safety did not establish proper venue for Hains or the claims against her. *See* R.Doc. 238, p. 2. 24 HR Safety argues that Total Safety must establish venue for each claim and each defendant. *Id.* at 3. In reference to this action, 24 Hour Safety contends that none of the Defendants are residents of the Eastern District of Louisiana. *Id.* 24 Hour Safety asserts that Rowland resides in the Middle District of Louisiana, Hains resides in the Western District of Louisiana, and 24 HR Safety is a Texas corporation with its principle place of business in Texas. *Id.* 24 HR Safety argues that the claims against Hains occurred either in the Western District of Louisiana or in the Southern District of Texas. *Id.* Furthermore, 24 HR Safety contends that the contract between Hains and Total Safety has Texas as the choice of forum. *Id.*

Total Safety contends that this Court has already established venue in the Eastern District of Louisiana because all defendants are residents of Louisiana. *See* R. Doc. 240-1, p. 9. Contrary to 24 HR Safety's assertion that it's a Texas company, Total Safety argues that as a LLC, 24 HR Safety is amenable to suit in Louisiana because one of its members is a Louisiana resident. *Id.* Thus, Total Safety argues that adding Hains does not affect venue because she is also a Louisiana citizen.

13

"When jurisdiction is founded only on diversity of citizenship, section 1391(a) applies for purposes of determining proper venue." *Ortiz v. Robert Holman Trucking, Inc.*, No. B-06-020, 2006 WL 1098904 (S.D. Tex. Apr. 11, 2006). According to section 1391(a), when all defendants are residents of the same state, venue is proper in "a judicial district where any defendant resides." *Id.*; 28 USCS § 1391(b)(1). Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 USCS § 1391(b)(2). For the purposes of a Limited Liability Company, "citizenship . . . is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Although 24 HR Safety was incorporated in Texas and its principal place of business is in Texas, 24 HR Safety is deemed a resident of any district its members reside. 24 HR Safety is owned by Dartez and Hains. Hains is a resident of Louisiana and resides in the Western District, which renders 24 HR Safety a resident of Louisiana in the Western District. Rowland resides in the Middle District of Louisiana. Thus, all defendants are residents of Louisiana and venue is proper in the district where any defendant resides or where a substantial part of the claims occurred. Unless Dartez as a member of 24 HR Safety lives in the Eastern District of Louisiana, which has not been plead, venue will only be proper for Hains if a substantial part of the claims occurred here. Total Safety has not demonstrated that a substantial part of the claims against Hains occurred here and did not dispute 24 HR Safety's representation that none of the claims occurred here. Thus, venue in the Eastern District is futile and the fourth factor is not satisfied.

## IV.  Conclusion

**IT IS ORDERED** that Plaintiff, Total Safety's **Motion for Leave to File Third Amending Complaint (R. Doc. 221)** is **DENIED.**

New Orleans, Louisiana, this 18th day of September 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**