UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOTAL SAFETY U.S., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  13-6109** |
| **GARY ROWLAND, ET AL.** | **SECTION: "B" (4)** |

ORDER

Before the Court is Plaintiff, Total Safety U.S., Inc.'s ("Total Safety") **Plaintiff's Third Motion to Compel Discovery (R. Doc. 235)**. The motion is opposed. *See* R. Doc. 245. The motion was heard for oral argument on Wednesday, August 27, 2014.

I. **Background**

This case arises from Defendant Gary Rowland's ("Rowland") decision to leave his employment with Plaintiff, Total Safety for that of 24 Hour Safety, LLC ("24 Hour Safety") in October of 2013. *See* R. Doc. 1, p. 1. Rowland resigned on October 6, 2013, and Total Safety initiated this suit four days later. *Id.* at 10-13.

Total Safety now seeks a court order compelling 24 Hour Safety to adequately respond to its First, Second, and Third Set of Requests for the Production of Documents. *See* R. Doc. 235. Although 24 Hour Safety sent written responses to the discovery, Total Safety argues that 24 Hour Safety's responses are inadequate and that it refuses to produce discoverable and highly relevant documents. *See* R. Doc. 235-1, p. 1. Thus, Total Safety moves this Court to treat the responses as a failure to respond. *Id.* at 2.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978),  and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A).  This request "must describe with reasonable particularity each item or category of items to be inspected."  *Id.* at 34(b)(1)(A).  "The party to whom the request is

directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

### III. Analysis

In the instant motion, Total Safety identifies each discovery request and each 24 Hour Safety response it contends is unsatisfactory. The Court shall address each of Total Safety's issues as set forth in its motion:

#### A. Total Safety's First Request

##### 1. Request No. 2

Total Safety contends that Request No. 2 seeks the production of all documents that belong to or were created by Total Safety, or any current or former employee of Total Safety. *See* R. Doc. 235-1, p. 7. 24 Hour Safety objects and argues that every document mentioning Total Safety's name does not make it property of Total Safety. *See* R. Doc. 245, p. 3. Further, 24 Hour Safety argues that it has already produced the documents in its possession that "belong to Total Safety." *Id.* at 2 (quotations in opposition).

The objection to Request No. 2 is sustained. The Court finds the request overly broad because the request is not limited to the relevant time period, which is from January 2012 to the present. Furthermore, the request is not tailored to specific documents sought and overlaps with other requests that have either been produced or are the subject of the instant motion.

##### 2. Request No. 5 and Request No. 8

Total Safety contends that Request No. 5 seeks the production of all communications

between 24 Hour Safety employees that concerned Gary Rowland, Justin Rowland, Jackie Mixon, or any other former Total Safety employee. *See* R. Doc. 235-1, p. 8. Request No. 8 seeks the production of all documents and communications between Amy Hains, Todd Dartez, Mickey Bercegaey, Jeff Ellenberg, Trent Smith, David Brucia, Lamoine Reyes, and Onika Nichols and any current or former Total Safety employee. *See* R. Doc. 235-1, p. 10.

24 Hour Safety objects on the grounds that the requests are overly broad and argues that it has already produced relevant communications of Amy Hains, Todd Dartez, Gary Rowland, Justin Rowland, Jeff Ellenberg, Mickey Bercegaey, Trent Smith, and Lamoine Reyes. *See* R. Doc. 245, p. 3.

The objection to Request No. 5 is sustained in part and overruled in part. The Court finds that the request for communications from "any other former Total Safety employee" is too broad and not narrowly tailored to the claims in this case. With the exception of Todd Dartez and Amy Hains, the Court denies Total Safety's request for the named employees in Request No. 5. Specifically, the Court denies the production of communications from Onika Nichols and David Brucia because Nichols is a low-level employee who was not in communication with Gary Rowland and Brucia works outside of the restrictive covenant area and is not relevant to this case. The Court orders the production of the PST files for Dartez and Hains, dating back to January 2012.

The objection to Request No. 8 is sustained. As written, the request has the potential of reaching any employee that currently or formerly worked with Total Safety if they have communicated with the named employees.

### 3. Request No. 6 and Request No. 28

Total Safety contends that Request No. 6 seeks the production of all documents and communications exchanged between any 24 Hour Safety employee and any person within the Safety

4

Industry concerning Gary Rowland. *See* R. Doc. 235-1, p. 9. Request No. 28 seeks the production of all documents and communications going back to October 2013 concerning Gary Rowland attending any safety industry meetings. *See* R. Doc. 235-1, p. 18. Total Safety claims that 24 Hour Safety admitted that Rowland attended ABC Safety Meetings, but it has produced no documents from that meeting. *Id.*

24 Hour Safety objects to Request No. 6 as overly broad and argues that it has no such communications to produce. *See* R. Doc. 245, p. 3. 24 Hour Safety objects to Request No. 28 and argues that it already produced Gary Rowland's expense reports/reimbursements from attending ABC Safety Meetings. *See* R. Doc. 245, p. 7.

The objection to Request No. 6 is sustained. The Court finds the request overly broad. Counsel for Total Safety contends that the request looks for customer communications, but the request as written does not limit the communications to customers. As written, the request looks for communications between any person in the "Safety Industry."

The objection to Request No. 28 is sustained because it is satisfied and would otherwise have been over broad.

### 4. Request No. 7

Total Safety contends that Request No. 7 seeks the production of all expense reports that were submitted by Amy Hains, Todd Dartez, Mickey Bercegeay, David Brucia, Trent Smith, Jeff Ellenberg, Onika Nichols, Gary Rowland, Justin Rowland, or Jackie Mixon since January 2012. *See* R. Doc. 235-1, p. 10. Total Safety argues that it has only received expense reports for Gary Rowland and that the expense reports for the other employees are relevant to see if Gary Rowland was traveling with the other employees in the restrictive covenant areas.

24 Hour Safety argues that it has produced Rowland's expense reports and that those reports

5

are the only relevant reports to this action. *See* R. Doc. 245, p. 4. 24 Hour Safety argues that it is not restricted from competing with Total Safety outside of this Court's preliminary injunction order, and therefore the expense reports of other employees is irrelevant, immaterial, and harassing. *Id.*

The objection to Request No. 7 is sustained. The Court finds that the request for expense reports is too broad and that Gary Rowland's reports are the only relevant expense reports. If Total Safety seeks reports from other employees that relate to Gary Rowland, it must limit the expense reports to include only the reports that contain Gary Rowland's name and are within the restrictive covenant area.

### 5. Request No. 13

Total Safety contends that Request No. 13 seeks the production of any documents and communications concerning Gary Rowland's, Justin Rowland's, and Jackie Mixon's job titles and job duties. *See* R. Doc. 235-1, p. 11. Total Safety argues that Gary Rowland's job title has changed since he has been employed with 24 Hour Safety and there should be some communication about Gary Rowland's change in duties.

24 Hour Safety objects on the grounds that the request is vague and ambiguous because it would encompass every document those employees either touched, reviewed, produced, or otherwise came in contact with. *See* R. Doc. 245, p. 4. Moreover, 24 Hour Safety contends that it does not have formal job descriptions.

The objection to Request No. 13 is overruled. The Court orders 24 Hour Safety to produce Amy Hains' emails between October 1, 2013 and December 31, 2013 containing the search terms: change, duties, title, and Gary Rowland. The Court finds that October 1, 2013 and December 31, 2013 is the relevant time period because it encompasses when Gary Rowland began his employment with 24 Hour Safety and when the preliminary injunction was issued. Furthermore, the search terms

are specific to lead to relevant information regarding any change in Gary Rowland's job title or duties.

### 6. Request No. 14

Total Safety contends that Request No. 14 seeks the production of all documents and communications concerning any discipline that Gary Rowland received as a 24 HR Safety employee. *See* R. Doc. 235-1, p. 12.  24 HR Safety objects to this request and contends that the document has already been produced. *See* R. Doc. 245, p. 5.

The objection to Request No. 14 is overruled. During oral argument, counsel for Total Safety asserted that Amy Hains testified at the preliminary injunction hearing that Gary Rowland has forfeited his year-end bonuses for taking Total Safety information. Counsel for 24 Hour Safety stated  that it was not aware of any written documents evidencing his forfeiture of his bonus but agreed to check for relevant documents.

### 7. Request No. 15

Total Safety contends that Request No. 15 seeks the production of all employee personnel files for Amy Hains, Todd Dartez, Gary Rowland, Justin Rowland, Jackie Mixon, Trent Smith, Mickey Bercegaey, David Brucia, Jeff Ellenberg, Lamoine Reyes, and Onika Nichols. *See* R. Doc. 235-1, p. 12-13. During oral argument, Total Safety withdrew Request No. 15.

### 8. Request No. 16 and No. 17

Total Safety contends that Request No. 16 seeks the production of all documents and communications concerning all payments that 24 Hour Safety has provided to Gary Rowland, Justin Rowland, and Jackie Mixon. *See* R. Doc. 235-1, p. 13. Request No. 17 seeks the production of all documents and communications of any grant or offer of financial interests in 24 HR Safety to Gary Rowland, Justin Rowland, and/or Jackie Mixon. *See* R. Doc. 235-1, p. 14.

24 Hour Safety objects and claims it has already produced the offer letters of Gary Rowland and Justin Rowland in satisfaction of Request No. 16. *See* R. Doc. 245, p. 5. 24 Hour Safety contends that the pay records of Jackie Mixon or Justin Rowland are irrelevant and immaterial. *Id*. As to Request No. 17, 24 Hour Safety objects to the request and maintains that no such documents exist. *Id*.

The objections to Request Nos. 16 and 17 are sustained. 24 Hour Safety already produced Gary Rowland's and Justin Rowland's offer letters and retention bonus letters and they already testified regarding their compensation. Documentation of the payments actually made to each of the individuals is irrelevant in light of the documents already produced.

### 9. Request No. 18

Total Safety contends that Request No. 18 seeks the production of all documents and communications concerning the retention agreement, including all documents that were relied upon to draft the retention agreement. *See* R. Doc. 235-1, p. 14. Total Safety contends that Hains testified that she relied on a retention agreement from another company when drafting the agreement at issue. *Id*. (citing to R. Doc. 139-1). 24 Hour Safety objects to the request and maintains that no such documents exist. *See* R. Doc. 245, p. 5.

The objection to Request No. 18 is sustained. Gary Rowland was never presented with a retention agreement, therefore the document Amy Hains relied upon to draft the retention agreement is irrelevant to this action.

### 10. Request No. 21

Total Safety contends that Request No. 21 seeks the production of all documents and communications concerning any service that Gary Rowland has provided to 24 HR Safety within the Restricted Area. *See* R. Doc. 235-1, p. 15. Total Safety contends that the Restricted Area is not

limited to the areas defined in the preliminary injunction order, but includes the areas incorporated under the W3 agreement. 24 Hour Safety objects and maintains that no such document exists for services in the restricted area as defined by the preliminary injunction. *See* R. Doc. 245, p. 6.

The objection to Request No. 21 is overruled. Since the W3 agreement is apart of the claims in this action, the restricted area in this request is defined by the W3 agreement and 24 Hour Safety is ordered to look outside the restricted area defined by the preliminary injunction. Specifically, 24 Hour Safety is to look at the following parishes: Caddo, Calcasieu, Bossier, and Vermillion.

### 11. Request No. 22

Total Safety contends that Request No. 22 seeks the production of all documents and communications concerning all 24 HR Safety manager or executive meetings dating back to July 2013. *See* R. Doc. 235-1, p. 15. 24 Hour Safety objects and maintains that the tailored search terms from the forensic examination was intended to capture relevant meetings, notes, emails and other communications. *See* R. Doc. 245, p. 6.

The objection to Request No. 22 is overruled in part and sustained in part. The request is granted as to any executive meetings between Hains and Dartez to the extent that they relate to Rowland, and the request is denied as to all other manager or executive meetings.

### 12. Request No. 23

Total Safety contends that Request No. 23 seeks the production of all documents and communications exchanged with any 24 Hour Safety employee concerning the TRO and Preliminary Injunction in this action. *See* R. Doc. 235-1, p. 16. Total Safety contends that these documents are relevant to determine 24 Hour Safety's compliance with standing court orders and to see if they internally disseminated a notice within 24 Hour Safety that Rowland is prohibited from working in the restricted areas. *See id.* 24 Hour Safety objects on the grounds that the request is vague and

ambitious, and seeks attorney-client communications and attorney work product. *See* R. Doc. 245, p. 6.

The objection to Request No. 23 is sustained. Only Rowland, Hains, and Dartez are affected by the Court's Order prohibiting Rowland from operating in the restricted area. Any communication that Hains or Dartez made to the company is not relevant or reasonably calculated to lead to relevant evidence. Furthermore, Total Safety already has the information it seeks. Hains testified that she didn't communicate the substance of the order to the company, which shows no notice was disseminated.

### 13. Request No. 25

Total Safety contends that Request No. 25 seeks the production of all financials reports for 24 HR Safety that were exchanged with Gary Rowland, going back to January 2012. *See* R. Doc. 235-1, p. 17. During oral arguments, Total Safety notified the Court that this request has been resolved and is now moot.

### 14. Request No. 29

Total Safety contends that Request No. 29 seeks the production of all documents and communications concerning all services that 24 HR Safety has provided to any existing or potential customer after October 6, 2013. *See* R. Doc. 235-1, p. 18. During oral argument, Total Safety notified the Court that this request was resolved during a previous status conference.

### 15. Request No. 30 and Request No. 31

Total Safety contends that Request No. 30 and Request No. 31 sought the production of all documents and communications concerning any "turnaround" or "TA" services[1] that 24 Hour Safety provided to any customer before and after October 6, 2013. *See* R. Doc. 235-1, pp. 19-20. Total

---

[1] A turnaround service is when a safety company, like Total Safety, manages the safety operations when a plant is shut down to be refurbished.

Safety contends that this information is relevant to proving damages because Rowland was a specialist at turnaround services while he was at Total Safety. *Id.*

24 Hour Safety objects to this request and argues that it has turned over every document and email that populated for "turnaround"or "TA" per the ESI protocol. *See* R. Doc. 245, p. 7. 24 Hour Safety contends that from the information it provided, Total Safety's experts will be able to discern if it has lost turnaround services in relevant geographic areas. Additionally, 24 Hour Safety claims that it does not do whole turnaround services.

The objections to Request Nos. 30 and 31 are sustained. The requests are not specific enough for 24 Hour Safety to appropriately respond to the requests. Furthermore, 24 Hour Safety claims that it does not conduct whole turnaround services and therefore has no documents responsive to the requests. 24 Hour Safety needs to amend its response to reflect this assertion.

### 16. Request No. 32 and Request No. 33

Total Safety contends that Request No. 32 and Request No. 33 seek the production of all documents and communications concerning how 24 Hour Safety developed its pricing for the services it offers or have offered from January 2012 to the present *See* R. Doc. 235-1, p. 20. Total Safety contends that this information is relevant to proving damages. *Id.*  24 Hour Safety objects and argues that the information sought is irrelevant and immaterial. *See* R. Doc. 245, p. 8.

The objections to Request Nos. 32 and 33 are sustained. Total Safety seeks information concerning how 24 Hour Safety develops its pricing, but asks specifically for a document evincing the process. Such a document is probably not kept in the ordinary course of business and the information sought is probably the culmination of various factors and documents. The request would be best accomplished as an interrogatory or as an amended request.

**17.     Request No. 34**

Total Safety contends that Request No. 34 seeks the production of all presentations on 24 Hour Safety's services, financials, or operations created or modified after September 2013. *See* R. Doc. 235-1, p. 22.  24 Hour Safety objects on the grounds that the information sought is irrelevant and immaterial. *See* R. Doc. 245, p. 8.

The objection to Request No. 34 is sustained. As written the request is vague and does not specify the type of presentations Total Safety seeks. The term "presentations" could reference internal presentations or presentations to customers.

**18.     Request No. 35**

Total Safety contends that Request No. 35 seeks the production of any insurance policy that 24 Hour Safety has that may provide coverage for any of the allegations in this lawsuit. *See* R. Doc. 235-1, p. 23. During oral argument, Total Safety notified the Court that this request was resolved because 24 Hour Safety does not have a relevant insurance policy.

**19.     Request No. 42**

Total Safety contends that Request No. 42 seeks the production of all documents and communications that Amy Hains provided to Gary Rowland regarding the Unit Award Agreement before October 6, 2013. *See* R. Doc. 235-1, p. 23. Total Safety claims it seeks this information because Rowland testified that he received an email from Hains indicating that 24 Hour Safety's counsel had reviewed his Unit Award Agreement with Total Safety and concluded that under the agreement it was permissible for him to work for 24 Hour Safety.

24 Hour Safety objects to the request and contends that the emails have already been produced. *See* R. Doc. 245, p. 8. However, counsel for Rowland indicated during oral argument that counsel for 24 Hour Safety and Rowland do not have the email sought.

The objection to Request No. 42 is overruled. 24 Hour Safety should modify its response to the request and state that it does not have the email rather than contending that it has already been produced.

### 20.     Request No. 43

Total Safety contends that Request No. 43 seeks the production of all documents and communications between any 24 Hour Safety Personnel and Amanda Hall or Chuck Whitman. *See* R. Doc. 235-1, p. 23.  24 Hour Safety objects and indicates that it is not aware of any documents or communications responsive to this request. *Id.* at 24.

The objection to Request No. 43 is sustained because 24 Hour Safety has already responded that none exist.

### 21.     Request No. 51

Total Safety contends that Request No. 51 seeks the production of all documents and communications supporting 24 Hour Safety's Twentieth Defense that Total Safety failed to mitigate damages. *See* R. Doc. 235-1, p. 24. During oral arguments, Total Safety withdrew Request No. 51 but reserved the right to re-urge the request at a later date.

### B.     Total Safety's Second Request

Total Safety's Second Set of Requests for Production of Documents seeks discovery of documents dating back to 2005, which is when 24 Hour Safety formed. Request No. 1 seeks 24 Hour Safety's annual revenue by customer dating back to 2005; Request No. 2 seeks 24 HR Safety's inventory and assets dating back to 2005; Request No. 3 seeks communications exchanged between 24 Hour Safety and any potential investor, lenders, and/or financial advisers dating back to 2005; Request No. 4 seeks information concerning the opening of 24 Hour Safety's locations in Deer Park, Texas in 2005 and Geismar, Louisiana in 2012; Request No. 5 seeks 24 Hour Safety's marketing and

13

advertising created in 2005; and Request No. 8 seeks communications to customers in 2005. *See* R. Doc. 235-1.

24 Hour Safety objected to these requests on relevancy grounds and contends that the requests are immaterial to the claims in this action, which revolve around Gary Rowland's departure from Total Safety in October 2013. *See* R. Doc. 245.

The objections to Request Nos. 1, 2, 3, 5, and 8 are sustained on the grounds that they are overly broad. The temporal scope of this case only dates back to January 2012, and does not date back to 2005 when 24 Hour Safety was formed. As such, the objection to Request No. 4 is sustained in part and overruled in part because Request No. 4 seeks the business plan used to open the Geismar, Louisiana location in 2012. 24 Hour Safety shall produce the Geismar, Louisiana business plan from 2012 but not the Deer Park, Texas business plan from 2005.

### C. Total Safety's Third Request

Total Safety contends that Request No. 1 of its Third Set of Requests for Production of Documents seeks the production of all documents and communications supporting or contradicting Amy Hains' testimony that 24 HR Safety's "pricing has been the same since the day we opened," which was made at the preliminary injunction hearing. *See* R. Doc. 235-1, p. 31 (citing to Preliminary Transcript, p. 330). Total Safety argues that other 24 Hour Safety employees have contradicted Hains' statement and that it is entitled to obtain documentary evidence that either supports or contradicts Hains' testimony. *Id.*

During oral arguments, 24 Hour Safety objected to the request and argued that it did not understand specifically what Total Safety's request sought. Additionally, 24 Hour Safety claimed that pricing information has been produced and can also be found on 24 Hour Safety's website. 24 Hour Safety asserted that it did not produce price list by year because the request does not

14

specifically ask for price lists by year.

The objection to Request No. 1 is sustained. As written, the request asks 24 Hour Safety to make a determination of whether evidence supports or contradicts Hains' testimony, which is a determination that should be made by Total Safety's counsel upon receipt of discovery and not by 24 Hour Safety's counsel prior to production.

### IV.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Total Safety's **Third Motion to Compel Discovery (R. Doc. 235)** is **GRANTED in part** and **DENIED in part**. It is **granted** as to Request Nos. 5 (in part) 13, 14, 21, 22 (in part), and 42 of the First Set of Requests and Request No. 4 (in part) of the Second Set of Requests. It is **denied** as to Request Nos. 2, 5 (in part), 6, 7, 8, 16, 17, 18, 22 (in part), 23, 28, 30, 31, 32, 33, 34, and 43 of the First Set of Requests; Request Nos. 1, 2, 3, 4 (in part), 5, and 8 of the Second Set of Requests; and Request No. 1 of the Third Set of Requests.

New Orleans, Louisiana, this 21st day of October 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**